UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Daniel Berke | Ofunne Edoziem |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS (Filed October 20, 2016, Dkt. 21)

## I. INTRODUCTION

On April 29, 2016, plaintiffs Valerie Shumake and Beverly Dennis commenced an action in the Superior Court for the County of Los Angeles against Caliber Home Loans, Inc. ("Caliber"); Summit Management Company, LLC ("Summit"); Volt 2013 NPL2-Group 5; U.S. Bank Trust, N.A.; all persons unknown claiming any right in the real property at 1955 W. 65th Street, Los Angeles CA 90047 ("the Property"); and Does 1 through 50, inclusive. Dkt. 1 Ex. A. On June 15, 2016, defendants filed a notice of removal based on diversity jurisdiction. Dkt. 1.

On July 13, 2016, Dennis filed a First Amended Complaint ("FAC") which no longer listed Shumake as a plaintiff. Dkt. 8. On September 12, 2016, the Court dismissed plaintiff's FAC without prejudice. Dkt. 16.

On October 3, 2016, Dennis filed a substantially unchanged Second Amended Complaint ("SAC"). The SAC alleges 14 claims against all defendants, namely, (1) Wrongful Foreclosure, pursuant to California Civil Code section 2924(a)(6); (2) Dual Tracking, pursuant to California Civil Code sections 2923.6 and 2924.11; (3) Negligent Processing and Administration of Loan Modification; (4) Non-compliance with Loan Modification Application Review Process, pursuant to California Civil Code section 2924.10; (5) Unlawful Filing of Notice of Default, pursuant to California Civil Code section 2923.55; (6) Recording Inaccurate Documents, pursuant to California Civil Code section 2924.17; (7) Quiet Title; (8) Declaratory Relief; (9) Slander of Title; (10) Unjust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

Enrichment; (11) Violation of California Business and Professions Code sections 17200 et seq.; (12) Elder Abuse, pursuant to Welfare and Institutions Code sections 15600 et seq; (13) Intentional Infliction of Emotional Distress; and (14) Negligent Infliction of Emotional Distress.  SAC.

On October 20, 2016, Summit and Caliber[1] filed a motion to dismiss the SAC for failure to state a claim.  Dkt. 21.  On November 21, 2016, plaintiff filed an opposition.  Dkt. 24.  On November 28, 2016, defendants filed a reply.  Dkt. 26.

On January 6, 2017, the Court held oral argument on the instant motion.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.  BACKGROUND**

Plaintiff alleges that on or about March 26, 2007, plaintiff executed a note and deed of trust in favor of Beneficial California ("Beneficial") in the amount of $145,268.45, wherein Beneficial was the original beneficiary under plaintiff's deed of trust.  SAC ¶ 20.  The deed of trust and note used were secured by the Property.  At an undetermined point after April 2014, Caliber began to service plaintiff's loan as a successor to the original lender, Beneficial.  Id. ¶ 21. Plaintiff alleges that Summit was the purported trustee for Caliber as the servicer of plaintiff's loan.

In March 2014, plaintiff requested a loan modification application from Caliber. Id. ¶ 36.  In December 2014, Caliber sent plaintiff a loan modification packet.  Id.  On February 3, 2015, Caliber filed a notice of default.  Id. ¶ 37.  On February 15, 2015, plaintiff completed her loan modification application with Caliber.[2]  Id. ¶ 87.  Plaintiff

---

[1] No other defendant has joined in the instant motion.  Accordingly, for purposes of this order, the Court refers to Caliber and Summit as "defendants."

[2] As observed in the Court's order dismissing the FAC, there appears to be typo in paragraph 39 of plaintiff's allegations, which remains present in the SAC.  Paragraph 39 of the SAC alleges that plaintiff's "most recent" loan modification application was submitted in "March 2014;" however, elsewhere in the pleadings, plaintiff alleges that she submitted a completed modification application on February 15, 2015, Id. ¶ 37.  For purposes of this order, the Court assumes, as the Court has done previously, that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

alleges that her loan modification was denied on or about April 21, 2015. Id. ¶ 39. On July 1, 2015, notice of sale of the Property was recorded for an impending Trustee's sale. Id. ¶ 43. The Property was subsequently sold at a Trustee's sale on August 5, 2015. Id.

Having carefully reviewed the SAC for allegations not alleged in the FAC, it appears that plaintiff has made several changes to the pleadings. The gravamen of plaintiff's new allegations is that, after denying plaintiff's loan modification applications on April 21, 2015, defendants requested plaintiff "provide additional information and explore additional avenues to avoid foreclosure," id. ¶ 61, that defendants, at an undetermined time, collectively "advised Plaintiff that they had sent a loan modification package . . . when they had not," id. ¶ 77, and that, at an undetermined time, defendants "advised" plaintiff "not to bring her account current because it would negatively impact her ability to qualify for a loan modification," id. ¶ 128.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn

---

paragraph 39 contains a typographic error and that plaintiff's loan modification application was submitted in February 2015, not March 2014. Plaintiff has not notified the Court that this assumption, previously adopted in dismissing the FAC, is incorrect.

Case 2:16-cv-04296-CAS-AGR   Document 29   Filed 01/06/17   Page 4 of 19   Page ID #:746

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief"). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

      **B.    Rule 9(b)**

      Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, ... the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non-fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

      A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct],' and why it is false." Cafasso, ex rel. United States v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

The Court will address each of plaintiff's claims in turn. The allegations underlying many of plaintiff's claims remain completely unchanged. Accordingly, in those instances, the Court's previous reasoning remains sound.

### A. Wrongful Foreclosure

Plaintiff does not appear to have amended the allegations underlying her wrongful foreclosure claim or any of the paragraphs preceding it in her SAC. See SAC ¶¶ 1-58. Plaintiff alleges that defendants lacked authority to foreclose. Plaintiff, relying on Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016), argues that there was a defect in the chain of title such that the foreclosure was conducted by an entity without title. Plaintiff fails to state what assignment in defendants' chain of title was void and why.

Plaintiff alleges that interests in her deed of trust were "transferred throughout the years to numerous assignees . . . *all of which assignments are spurious*, void and in violation of the [Pooling and Service Agreement ("PSA")] and applicable law[s]." SAC ¶ 31 (emphasis added). However, such conclusory allegations cannot satisfy the requirement that legal conclusions be supported by "factual allegations." Iqbal, 556 U.S. at 679; see also Doscher v. Wells Fargo Bank, N.A., 2016 WL 4496835, at *2–3 (S.D. Cal. May 25, 2016) ("conclusory allegations that [defendant] is not the proper beneficiary and that it lacked any right of ownership" are insufficient to support allegations that an assignment was void). Nor do violations of a PSA necessarily render an assignment void. See Morgan v. Aurora Loan Servs., LLC, 2016 WL 1179733, at *2 (9th Cir. Mar. 28,

Case 2:16-cv-04296-CAS-AGR   Document 29   Filed 01/06/17   Page 6 of 19   Page ID #:748

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

2016) (insufficient to plead "transfers were void on the grounds the parties did not follow the required procedures contained in the Pooling and Servicing Agreement"); Croskrey v. Ocwen Loan Servicing LLC, 2016 WL 3135643, at *7 (C.D. Cal. June 2, 2016) ("[p]laintiff has not pointed the Court to any authority suggesting these alleged [violations of the PSA] render the assignments void").

Accordingly, plaintiff's first claim is **DISMISSED with prejudice**.

**B.     Dual Tracking**

Pursuant to California Civil Code section 2923.6(c) ("section 2923.6(c)"), if a borrower submits a "complete application" for a modification of its loan, the borrower's mortgage servicer or other authorized agent cannot record a notice of default, record a notice of sale, or conduct a trustee's sale until one of three events occurs, namely, (1) the borrower is deemed ineligible for modification, (2) the borrower rejects a modification offer, or (3) the borrower accepts and then defaults on their modified loan. "[A loan modification] application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer." Cal. Civ. Code § 2923.6(h).

Here, plaintiff has not alleged that defendants engaged in prohibited conduct while plaintiff had a pending loan modification application. Plaintiff alleges that she completed the loan modification application on February 15, 2015. SAC ¶ 87. Plaintiff's loan modification application was resolved on April 21, 2015, when plaintiff was found ineligible for a loan modification. Id. ¶ 39. However, plaintiff has not alleged that defendants recorded a notice of default, recorded a notice of sale, or conducted a trustee's sale between February 15 and April 21, 2015. Plaintiff alleges that defendants recorded a Notice of Default on February 3, 2015, id. ¶ 37, before plaintiff submitted a complete loan modification application. Plaintiff further alleges that the Notice of Sale and Trustee's Sale occurred after her loan modification application had been rejected on April 21, 2015. Id. ¶ 43 (Notice of Sale on July 1, 2015, and Trustee's Sale on August 5, 2015).

Plaintiff has amended her pleadings by adding an allegation that, after April 21, 2016, defendants sought additional information from plaintiff to "explore additional avenues to avoid foreclosure." Id. ¶ 61. Plaintiff argues that this violated section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

2923.6(c) because defendants were still evaluating her loan modification application. However, plaintiff is incorrect.

The conclusory allegation that defendants, at an undetermined time after April 21, 2015, sought "additional information" is insufficient to state a claim for relief pursuant to section 2923.6(c) because the rejection of plaintiff's first modification application ended the relevant period in which defendants could not proceed with foreclosure. Plaintiff does not allege that defendants continued to evaluate her first loan modification application after April 21, 2015, when they notified her that she did not qualify for a modification. Continuing efforts by defendants to enable plaintiff to avoid foreclosure do not run afoul of section 2923.6(c), which only requires that foreclosure proceedings stop during the pendency of plaintiff's first modification application. Section 2923.6 explicitly contemplates ongoing discussions with the homeowner to avoid foreclosure, but provides that they do not fall within the ambit of plaintiff's statutory right to stay foreclosure pending her first application. See Cal. Civ. Code § 2923.6(g) (a mortgage servicer "shall not be obligated to evaluate applications from borrowers who have already been evaluated . . . for a first lien loan modification"). Nor does plaintiff contend that the loan modification application she submitted on February 15, 2015, was incomplete within the meaning of section 2923.6. Id. § 2923.6(h) ("'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer").

Accordingly, because plaintiff has failed to allege improper conduct while she had her first complete loan modification application pending, defendants' motion to dismiss plaintiff's second claim is **GRANTED**. Plaintiff's second claim for relief is **DISMISSED with prejudice**.

### C. Negligent Processing and Administration of Loan Modification

"The elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. Cty. of San Mateo, 12 Cal. 4th 913, 917 (1996) (citations omitted). The Court previously dismissed plaintiff's third claim for relief because plaintiff does not adequately allege that defendants owed plaintiff a duty that was breached in their handling of her modification application. Plaintiff has not amended her allegations to cure said deficiency. The only amendment plaintiff has

Case 2:16-cv-04296-CAS-AGR   Document 29   Filed 01/06/17   Page 8 of 19   Page ID #:750

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

made to her third claim for relief is to add a conclusory allegation that defendants mishandled loan modification documents and negligently evaluated the documents provided by plaintiff. SAC ¶ 77.

Numerous courts have held that financial institutions and loan servicers do not owe a fiduciary duty to borrowers. See Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1093 (1991) (no duty where "the loan transaction does not exceed the scope of its conventional role as a mere lender of money"); Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006) ("a loan transaction is at arms-length and there is no fiduciary relationship"); Marks v. Ocwen Loan Servicing, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) (citing Nymark, "a loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract"). Plaintiff does not allege facts warranting a different conclusion here. Accordingly, plaintiff's third claim is **DISMISSED with prejudice**.

### D. Other Claims Based on Homeowner Bill of Rights

Plaintiff alleges violations of other statutory provisions enacted in 2012, collectively known as the Homeowner Bill of Rights. Specifically, plaintiff alleges violations of California Civil Code section 2924.10, California Civil Code section 2923.55[3], and California Civil Code section 2924.1. California Civil Code section 2924.12 permits homeowners to bring claims pursuant to certain provisions of the Homeowner Bill of Rights, including the aforementioned sections. However, section 2924.12 requires that alleged violations be "material violation[s]." Plaintiff has failed to allege material violations of section 2924.10, section 2924.17, or section 2923.55.

---

[3] In their prior motion to dismiss, defendants correctly pointed out that the FAC referenced sections 2923.55 and 2923.5 interchangeably. The SAC continues to do so. However, the two sections carry different requirements, the latter only applying to servicers conducting fewer than 175 foreclosures a year. See Cal. Civ. Code § 2924.18. Plaintiff has not alleged that any defendant falls into that category of smaller loan servicers and has therefore failed to state a claim for violations of section 2923.5. For purposes of the present motion, as in its prior order, the Court will evaluate plaintiff's allegations as though all references to section 2923.5 are scrivener's errors intended to reference section 2923.55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

Section 2924.10 requires that mortgage servicers acknowledge receipt of a loan modification application and provide information to the borrower about their application and the review process. Cal. Civ. Code § 2924.10(a). The failure to acknowledge receipt of a loan modification application is material where it affects plaintiff's "procedural right" in the proper review of their loan modification application. Gonzales v. Citimortgage, Inc, 2015 WL 3505533, at *6 (N.D. Cal. June 3, 2015). Accordingly, if a lender fails to acknowledge receipt of a loan modification application, the borrower may have a claim if the borrower establishes that it suffered damages by reason of the lender's failure.

Plaintiff alleges that defendants failed to acknowledge receipt of her February 15, 2015, loan modification application. SAC ¶ 87. However, plaintiff does not allege a connection between defendants' alleged failure to acknowledge receipt of her loan modification application and defendants' rejection of her loan modification application. Plaintiff has amended her pleadings by alleging that if defendants had sent a proper receipt, "[p]laintiff would have known that although [d]efendants continued to request additional documents, that the loan modification package was complete." Id. The foregoing allegation is insufficient to state a claim for material violation of section 2924.10. Plaintiff does not allege that she was denied "the *opportunity* to obtain a loan modification." Gonzalez, 2015 WL 3505533, at *6. Accordingly, plaintiff's fourth claim for relief is **DISMISSED with prejudice**.

Section 2923.55 requires foreclosing entities to explore alternatives to foreclosure and to communicate with the borrower about their financial condition 30 days prior to recording a notice of default. Plaintiff alleges that defendants recorded a notice of default less than 30 days after their initial communication with her regarding her financial condition. SAC ¶ 98. However, defendants' alleged failure to wait 30 days was not a material violation of section 2923.55 because plaintiff concedes that she was ultimately reviewed for a loan modification and found ineligible. See Foote v. Wells Fargo Bank, N.A., 2016 WL 2851627, at *6 (N.D. Cal. May 16, 2016) (Chen, J.) ("Because Plaintiff was not deprived of the opportunity to apply for loan modification, any violation of section 2923.55 was not material"); Johnson v. SunTrust Mortgage, Inc., 2014 WL 3845205, at *4 (C.D. Cal. Aug. 4, 2014) ("this provision only contemplates contact and some analysis of the borrower's financial situation").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

Plaintiff's only amendments to her fifth claim are that defendants continued to request information from her after April 21, 2015, and that "taken together, and in light of the [p]laintiff's elderly age and lack of sophistication in loan modification transactions" defendants' acts "hindered and prevented [p]laintiff's procedural rights in the proper review and consideration," of her application. SAC ¶ 104. Defendants' acts after reviewing and denying plaintiff's application for a modification do not undermine her concession that she was afforded an opportunity to apply for a loan modification. Nor does plaintiff explain how her relative lack of sophistication in mortgage transactions makes the alleged violation of section 2923.55 material. Accordingly, plaintiff's fifth claim is **DISMISSED with prejudice**.

The Court previously dismissed plaintiff's sixth claim for relief because plaintiff failed to allege that she was not in default. Plaintiff has not amended any allegations underlying her sixth claim for relief. Section 2924.17 requires mortgage servicers to review reliable documents confirming a borrower is in default before recording a notice of default. However, plaintiff has failed to allege that she was not in default when defendants recorded a notice of default.[4] If plaintiff was in fact in default, then review of reliable documents would only have further confirmed the default. Accordingly, even assuming defendants failed to review competent documents, plaintiff does not allege that their failure to review documents is a material violation of section 2924.17. Accordingly, plaintiff's sixth claim is **DISMISSED with prejudice**.

**E.     Quiet Title**

A quiet title claim requires (1) a description of the property at issue; (2) a statement of plaintiff's title to the property; (3) the adverse claims to the title for which determination is sought; (4) the date for which the determination of rights is sought; and (5) a prayer for determination of plaintiff's title against adverse claims. Cal. Code Civ. Proc. § 761.020. A mortgagor cannot quiet title without first tendering the amount owed on the mortgage. Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994). Under California law, "'[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'" Agbabiaka v. HSBC Bank USA Nat. Association, 2010 WL 1609974, *6 (N.D. Cal. Apr. 20, 2010)

---

[4] On the contrary, paragraphs 78 and 174 of the SAC appear to acknowledge that plaintiff was in default.

Case 2:16-cv-04296-CAS-AGR   Document 29   Filed 01/06/17   Page 11 of 19   Page ID #:753

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

(quoting <u>Karlsen v. American Savings and Loan Assoc.</u>, 15 Cal.App.3d 112, 117-18 (1971)); <u>see also</u> <u>Lester v. J.P. Morgan Chase Bank</u>, 926 F.Supp.2d 1081, 1092 (N.D. Cal. 2013) ("Generally, the 'tender rule' applies to claims to set aside a trustee's sale for procedural irregularities or alleged deficiencies in the sale notice").

Plaintiff does not allege that she has tendered, or offered to tender, the full amount due on her loan. Instead, plaintiff relies on cases permitting other claims to proceed without tender and argues that she is not required to tender payment on the loan because she alleges that defendants have no valid claim to the Property. However, the purpose of the tender requirement in a quiet title claim is to demonstrate the *plaintiff's* valid interest in to the property. If plaintiff does not allege a valid claim to the Property, a quiet title claim cannot proceed, regardless of whether defendants also lack valid interests in the Property.

Plaintiff's sole amendment to her quiet title claim is to add the language, "if tender is required, tender was not made because she was advised by defendants not to bring her account current because it would negatively impact her ability to qualify for a loan modification." SAC ¶ 128. Plaintiff argues that "[a]ccordingly, [p]laintiff offered, or attempted to offer, to pay the full balance of her loan, but [d]efendants instructed her not to do so. Implicit in this offer to [d]efendants, together with the Verified Second Amended Complaint taken in its entirety, is the claim by [p]laintiff of her valid interests in the property." Opp'n at 9. However, plaintiff's conclusory allegation does not purport to be an offer to tender, nor does plaintiff contend that defendants agreed to forgive her debt. Whatever "advice" plaintiff may have received at an unidentified time, she does not contend that her offer to tender was refused by defendants or that, after her application for loan modification, she renewed her offer to tender and was again denied. With such limited factual substance, it is unclear whether such allegations are appropriately evaluated pursuant to Rule 12 or Rule 9(b). Such allegations are insufficient under either standard to establish a valid interest in the Property.

Because plaintiff has not tendered or offered to tender the amount due on her loan, defendants' motion to dismiss plaintiff's seventh claim is **GRANTED**. Plaintiff's seventh claim is **DISMISSED with prejudice**.

F.   **Declaratory Relief**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O JS-6

# CIVIL MINUTES - GENERAL

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

Plaintiff has not amended the pleadings underlying her declaratory relief claim. Plaintiff's SAC seeks a declaration of the parties' respective rights and duties related to the Property. SAC ¶¶ 136-38. Plaintiff requests a judgment ordering defendants to convey title to the Property to plaintiff by grant deed. Id. ¶ 138. "In order for a party to pursue an action for declaratory relief, the 'actual, present controversy must be pleaded specifically.'" Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 513-14 (2013), abrogated on other grounds by Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016). Thus, "a claim must provide specific facts, as opposed to conclusions of law, which show a 'controversy of concrete actuality.'" Id. (citation omitted). Here plaintiff alleges that without declaratory relief, nothing "will prevent Plaintiff from suffering the wrongful loss" of the Property. SAC ¶ 140. However, plaintiff alleges that the Property was already sold in a trustee's sale on August 5, 2015. Id. ¶ 43. Accordingly, the events affecting the parties' rights in the Property are already fixed by alleged wrongs in the past. A declaratory judgment acts prospectively to quiet actual controversies *before* they lead to "repudiation of obligations, invasion of rights or commission of wrongs." County of San Diego v. State, 164 Cal.App.4th 580, 607 (2008). Accordingly, defendants' motion to dismiss plaintiff's eighth claim is **GRANTED**. Plaintiff's eighth claim for relief is **DISMISSED with prejudice**.

### G. Slander of Title

Plaintiff's ninth claim for relief alleges slander of title based on defendants' recording of a notice of default. Defendants argue that this claim fails because the performance of non-judicial foreclosure procedures is privileged under California law. The Court agrees. Slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." Truck Ins. Exch. v. Bennett, 53 Cal.App.4th 75, 84 (Cal.App.2d 1997). Under California Civil Code section 2924, "the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common-interest privilege." Kachlon v. Markowitz, 168 Cal.App.4th 316, 333 (Cal.App.2d 2008); Cal. Civ. Code § 47. It follows that plaintiff's claim for slander of title must be dismissed. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

Plaintiff has not cured the foregoing defect in the SAC. Accordingly, defendants' motion to dismiss plaintiff's ninth claim is **GRANTED**. Plaintiff's ninth claim for relief is **DISMISSED with prejudice**.

### H.     Unjust Enrichment

Defendants previously moved to dismiss plaintiff's claim for unjust enrichment. The Court granted the motion, observing that plaintiff did not oppose defendant's motion. Nonetheless plaintiff has reasserted an identical claim for unjust enrichment. Once again plaintiff does not oppose defendants' motion. Accordingly, defendant's motion to dismiss plaintiff's tenth claim is **GRANTED**. Plaintiff's tenth claim is **DISMISSED with prejudice**.

### I.     Unfair Competition

Plaintiff's claim pursuant to California's Unfair Competition Law ("the UCL") depends, in large part, upon the disposition of her other claims. As plaintiff acknowledges, plaintiff must plead an "unlawful, unfair or fraudulent business act or practice," to establish a violation of the UCL. Cal. Bus. & Prof. Code § 17200. Section 17200 allows suits "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (2007) (quoting Podolsky v. First Healthcare Corp., 50 Cal. App. 4th 632, 647 (1996)). A UCL claim premised on a course of fraudulent conduct is subject to the heightened pleading standards of Rule 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir.2009).

To plead a violation of the "unlawful" prong of the UCL, plaintiff must plead a violation of another statute or common law. See e.g. California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 169 (2001) ("Where, as here, the Legislature has permitted certain conduct, 'courts may not override that determination' by declaring such conduct to be actionable under"). The Court here dismisses all of plaintiff's other claims. Accordingly, plaintiff has not pleaded a violation of the unlawful prong of the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

To plead a violation of the "unfair" prong of the UCL, plaintiff must allege a business practice that "'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008) (quoting People v. Casa Blanca Convalescent Homes, Inc., 159 Cal.App.3d 509, 530 (Ct.App.1984)). Plaintiff alleges, for the first time in the SAC, that defendants "continually mislead [sic] or gave misinformation to [p]laintiff during the loan modification process, advised her not to bring the loan current in order to protect her loan modification review, and negligently evaluated the documentation provided by [p]laintiff." SAC ¶ 157. However, plaintiff's allegations, like those that preceded them in the FAC, are merely conclusory in nature. To the extent plaintiff attempts to allege that defendants misled her, she has failed to satisfy the heightened pleading standard of Rule 9(b), by alleging the "who, what, when, where and how of the misconduct." Cafasso, 637 F.3d at 1055. Nor does plaintiff allege why defendants' alleged "advice" was immoral, unethical, or oppressive. Accordingly, plaintiff has not alleged a violation of the unfair prong of the UCL.

Finally, plaintiff has failed to allege a violation of the fraudulent prong of the UCL. To do so, plaintiff must allege a specific fraud as well as reliance. As already discussed, plaintiff has failed to allege a fraud by alleging sufficient factual substance to satisfy Rule 9(b)'s heightened pleading standard.

The conclusory allegations in the SAC, like those that preceded them in the FAC, fail to state a claim pursuant to the UCL. Accordingly, plaintiff has failed to allege a violation of the UCL and defendants' motion to dismiss plaintiff's UCL claim is **GRANTED**. Plaintiff's UCL claim is **DISMISSED with prejudice**.

### J.     Elder Abuse

To state a claim for elder abuse, a plaintiff must allege one of several forms of abuse. Cal. Welf. & Inst. Code § 15610.07(a). Plaintiff purports to allege financial abuse of an elder, as defined by California Welfare and Institutions Code section 15610.30. Allegations of financial abuse require allegations that the defendant obtained plaintiff's property for a "wrongful use or with intent to defraud." Cal. Welf. & Inst. Code § 15610.30(a)(1-3).

Plaintiff alleges that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

> [d]efendants, and each of them, gained a financial advantage over [p]laintiff by . . . wrongfully inducing [p]laintiff not to make payments to bring her account current in order to avoid foreclosure and the loss of her property. Furthermore, in the process of [p]laintiff submitting her loan modification application, [d]efendants repeatedly gave her inconsistent information over the telephone as to where to send her payments, the receipt of her payments, the providing of the loan modification package, and the need for and type of the additional documents that were required in connection with her attempts to obtain a loan modification application . . . The aforementioned conduct of all [d]efendants was an intentional misrepresentation, deceit, or concealment of a material fact known to all [d]efendants, with the intention . . . of thereby depriving [p]laintiff of property.

SAC ¶ 166.

To the extent plaintiff alleges that defendants "wrongfully induc[ed]" her or intentionally gave "inconsistent information" such that they purposefully caused plaintiff to default on her loan, plaintiff's claim sounds in fraud and fails to satisfy the heightened pleading standards of Rule 9(b). See Trapp v. Chase Home Fin., LLC, No. 5:09-CV-01178-DEW, 2010 WL 4703864, at *5 (C.D. Cal. Nov. 12, 2010) (elder abuse claim subject to Rule 9(b) where it sounds in fraud). Many of plaintiff's allegations appear to relate to her submission of a loan modification application, however, plaintiff contends that she submitted a complete application and that the application was denied. Therefore, it is not clear how "inconsistent information" about the "need for and type of additional documents" for said application could constitute financial abuse of an elder. To the extent that plaintiff's claim relies upon her allegation that defendants advised her not to make payments while her loan modification was pending, SAC ¶ 128, plaintiff does not explain how said advice is connected to her eventual loss of the property after said application was rejected.

As the Court previously noted in its September 12, 2016 order, it is unclear which actions taken by defendants are alleged to have constituted financial abuse. Plaintiff's elder abuse claim seeks to enjoin defendants "from enforcing the Agreement." SAC ¶ 165. The SAC still fails to identify the "Agreement" to which plaintiff refers. The only contract or agreement referenced in the SAC is the original deed of trust on the Property and the associated loan. However, plaintiff does not allege that defendants committed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

elder abuse by inducing her to sign the underlying loan. Nor does plaintiff allege that defendants negotiated her loan or that the loan itself constitutes elder abuse. As set forth herein, plaintiff is in breach of the deed of trust upon the Property because she is in default. Her legal theories pertaining to the loan and deed of trust fail as a matter of law. As such, plaintiff's elder abuse claim fails as plaintiff has failed to identify any financial abuse cognizable under California Welfare and Institutions Code section 15610.30.

Since it appears that there is no set of facts which plaintiff could allege to cure this defect, this claim is **DISMISSED with prejudice**. Accordingly, defendant's motion to dismiss plaintiff's twelfth claim is **GRANTED**.

### K. Intentional Infliction of Emotional Distress

Plaintiff fails to state a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, plaintiff must allege that "the defendant engaged in *extreme and outrageous conduct* with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff." Ross v. Creel Printing & Publishing Co., Inc., 100 Cal. App. 4th 736, 744 (2002) (citations omitted) (emphasis added). "Outrageous conduct is conduct that is intentional or reckless and so extreme as to exceed all bounds of decency in a civilized community." Ragland v. U.S. Bank Nat. Assn., 209 Cal. App. 4th 182, 204 (2012). The Court has dismissed plaintiff's wrongful foreclosure claim. Furthermore, foreclosure cannot be the basis for an intentional infliction of emotional distress claim. See Aguinaldo v. Ocwen Loan Servicing, 2012 WL 3835080, at *7 (N.D. Cal. Sept. 4, 2012) ("courts have found as a matter of law that foreclosing on property does not amount to the 'outrageous conduct' required to support a claim for intentional infliction of emotional distress"); Wilson v. Hynek, 207 Cal. App. 4th 999, 1009 (2012) (upholding demurrer of plaintiffs' claim for intentional infliction of emotional distress premised upon defendants' initiation of foreclosure proceedings).

> In the context of debt collection, courts have recognized that the attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress. Frequently, the creditor intentionally seeks to create concern and worry in the mind of the debtor in order to induce payment. Such conduct is only outrageous if it goes beyond all reasonable bounds of decency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

Coyotzi v. Countrywide Fin. Corp., 2009 WL 2985497, at *9 (E.D. Cal. Sept. 16, 2009) (citations and quotations omitted).

Plaintiff has amended her intentional infliction of emotional distress claim by adding an allegation that:

> Defendants' conduct was extreme and outrageous in that they knew that they were dealing with an elderly woman who was not sophisticated in the procedures to obtain a loan modification and notwithstanding this knowledge, [1] they continually failed to provide the loan modification package, [2] continually told her that they had not received documents when, in fact, they had been sent by Plaintiff, [3] repeatedly told her not to bring her loan current while her loan modification application was pending, and [4] after she made attempts to make payments to save her home, Defendants refused to accept the payments.  Plaintiff is informed and believes, and thereupon alleges, that these actions were taken against Plaintiff by Defendants . . . with the intention of causing, severe emotional distress to Plaintiff, since Defendants knew, or should have known that Plaintiff was elderly, unsophisticated in real estate transactions and loan modifications, and with the knowledge that the Plaintiff would ultimately lose her residence and family home.

SAC ¶ 169.

The Court addresses each group of alleged acts in turn.  First, defendants' alleged failure to provide a loan modification package cannot constitute extreme and outrageous conduct.  Additionally, plaintiff acknowledges receiving and submitting a completed loan modification application.  Next, plaintiff does not allege facts supporting her apparent contention that claiming not to have received documents after another party has mailed them constitutes extreme or outrageous conduct.  Even assuming that defendants told plaintiff that it was ill-advised to bring her loan current while she had a pending loan modification application, plaintiff does not explain how such statements go beyond all reasonable bounds of decency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

Finally, plaintiff contends that defendants refused to accept certain unidentified payments and thereby intentionally caused her emotional distress. Where a homeowner is facing foreclosure and hopes to avoid it, any act by the lender short of terminating foreclosure proceedings may cause substantial distress to the homeowner. However, "[l]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Coyotzi, 2009 WL 2985497, at *9 (citing Fisher v. San Pedro Peninsula Hosp., 214 Cal.App.3d 590, 617, 262 Cal. Rptr. 842, 857 (1989)). This was "a creditor/debtor situation" without any extreme our outrageous allegations. See Wilson, 207 Cal. App. 4th at 1009. Accordingly, defendant's motion to dismiss plaintiff's thirteenth claim is **GRANTED**. Plaintiff's thirteenth claim is **DISMISSED with prejudice**.

### L.     Negligent Infliction of Emotional Distress

A negligent infliction of emotional distress claim requires allegations establishing a negligence claim. Long v. PKS, Inc., 12 Cal. App. 4th 1293, 1297 (1993). "Damages for severe emotional distress, rather, are recoverable in a negligence action when they result from the breach of a duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two." Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 590 (1989). As discussed supra, with respect to plaintiff's third claim, plaintiff has not alleged facts demonstrating defendants owed a duty to plaintiff. Nor has plaintiff amended her pleadings to cure this deficiency. Accordingly, defendant's motion to dismiss plaintiff's fourteenth claim is **GRANTED**. Plaintiff's fourteenth claim is **DISMISSED with prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○ JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4296-CAS(AGRx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | *Valerie Shumake et al v. Caliber Home Loans, Inc et al* | | |

**V. CONCLUSION**

Defendants' motion to dismiss is **GRANTED**. The SAC is hereby **DISMISSED with prejudice**.[5]

IT IS SO ORDERED.

|  | 00 | 07 |
|---|---|---|
| Initials of Preparer | | CL |

---

[5] Prior to oral argument on this matter, the Court distributed a tentative ruling consistent with the foregoing. During oral argument, plaintiff's counsel acknowledged having reviewed the Court's tentative ruling and sought leave to amend Dennis's claims for elder abuse and intentional infliction of emotional distress. However, counsel acknowledged that he could not articulate what factual allegations he might add to cure the deficiencies identified herein. Additionally, plaintiff was granted leave to cure the foregoing deficiencies after the dismissal of the FAC, dkt. 16, and failed to cure the deficiencies previously identified. Accordingly, there does not appear to be a basis for further leave to amend Dennis's claims and they are appropriately dismissed with prejudice.